(Reap. Dec. 9155)

W. J. BYRNES & CO. OF L. A., INC., FOR: TORCH MFG. CO., INC., ET AL. v. UNITED STATES

Entry No. 15792, etc.

(Decided on rehearing [Reap. Dec. 8727] May 22, 1958)

*Joseph Winston* for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: This is a decision on rehearing from Reap. Dec. 8727, 38 Cust. Ct. 567, relating to the proper value of certain flashlights imported from Hong Kong, covered by the appeals for a reappraisement enumerated in the schedule of appeals, attached to and made part of the decision herein.

As to the merchandise referred to in schedule "A," attached to and made part of this decision, it has been stipulated by the parties hereto that it consists of flashlights exported by Honour Metal Manufacturing Co., Ltd., and that the market value or price at the time of exportation of the involved flashlights, at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal market of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, is represented by the amounts specified as to each item on said schedule "A" for the respective periods shown thereon, plus packing, as invoiced in each case. It was further stipulated and agreed that there was no higher export value for merchandise such or similar to said flashlights at the time of exportation thereof.

With regard to the merchandise referred to in schedule "B," attached to and made part of this decision, it was stipulated by the

parties hereto that said merchandise consists of flashlights exported by United Electric Manufacturing Co., and that, at the time of exportation of such merchandise to the United States, the price at which such or similar merchandise was freely offered for sale to purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of containers and coverings, and all other costs, charges, and expenses incident to placing the merchandise ready for shipment to the United States, is the price shown on said schedule "B" for the respective model of flashlights. As to such items, it was further stipulated and agreed that there was no foreign value for such or similar merchandise at the time of exportation thereof.

Upon the agreed facts of record, I find and hold that foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)), is the proper basis for determining the value of the items of flashlights referred to in schedule "A," attached to and made part of this decision, and that such value is represented by the amounts specified as to each item on said schedule "A" for the respective periods shown thereon, plus packing, as invoiced in each case. I also find and hold that export value, as that value is defined in section 402 (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (d)), is the proper basis for determining the value of the items of flashlights referred to in schedule "B," attached to and made part of this decision, and that such value is represented by the amounts specified as to each item on said schedule "B" for the respective model of flashlights.

Insofar as the appeals for a reappraisement refer to any other items of merchandise, said appeals are dismissed.

Judgment will issue accordingly.